IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARK HAWKINS,
DOC # I07973,

    Plaintiff,

vs.	CASE NO. 1:24-cv-49-AW-MAF

OFFICER LANE COLLINS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner, initiated this case by filing a civil rights complaint, ECF No. 1, on March 12, 2024. Two months later he filed for leave to proceed in forma pauperis. ECF No. 7. That request was granted and he was assessed an initial partial filing fee of $13.30 due by June 7, 2024. ECF No. 9. Plaintiff later filed a second amended complaint, ECF No. 11, but still had not paid the partial filing fee. On June 13, 2024, the Court acknowledged receipt of the pleading but reminded Plaintiff that "[n]o further action [would] be taken…until the initial partial filing fee [was] received." ECF No. 13 (quoting ECF No. 9 at 4). The Order directed him to "immediately submit payment" and warned Plaintiff that failure to do so "[would] result in a recommendation of dismissal." Id. at 2. Several weeks later and still no filing

fee paid, Plaintiff requested an extension of time. ECF No. 14. The Court granted his request, requiring payment no later than July 23, 2024. ECF No. 15.

On July 2nd, a partial payment of $8.80 was submitted. ECF No. 16. An Order was entered to acknowledge receipt of the partial fee, but Plaintiff was directed to pay the remaining balance of $4.50 no later than July 23, 2024. ECF No. 17. Plaintiff then filed a motion requesting permission to proceed without payment of the remaining balance. ECF No. 18. In its Order, the Court reviewed Plaintiff's provided account statements which showed balances from March to May 2024 sufficient to cover the initial partial filing fee of $13.30. ECF No. 19 at 2. By the end of June, he had a balance of $11.03 – sufficient to cover the remaining balance of $4.50. Id. Plaintiff was able to make canteen and JPay Media purchases. Id. (citing ECF No. 18 at 4-7). The Court denied Plaintiff's request to proceed without paying the remaining balance but allowed a brief extension of time to submit the remaining balance. Id. at 4. Plaintiff was again warned that "failure to submit payment as Ordered [would] result in a recommendation of dismissal." Id.

Plaintiff's remaining balance of $4.50 was due August 12, 2024. Id. He had five months to save his funds since filing his complaint. Plaintiff must "make the same economic choices otherwise required of unincarcerated

litigants" and decide whether to expend his limited funds for litigation or something else. Beck v. Symington, 972 F. Supp. 532, 536 (D. Ariz. 1997) Despite multiple extensions, Plaintiff has not paid the total partial filing fee. Because Plaintiff was warned that a recommendation would be entered to dismiss this case if he failed to submit the assessed partial filing fee, dismissal is appropriate.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). Failure to pay an assessed initial partial filing fee is grounds for dismissal. Wilson v. Sargent, 313 F.3d 1315, 1318, 1322, n.7, (11th Cir. 2002) *(citing* Collier v. Tatum, 722 F.2d 653, 655-56 (11th Cir. 1983)).

Furthermore, the Eleventh Circuit has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915

(11th Cir. 2011). Here, Plaintiff was forewarned multiple times that a recommendation would be entered to dismiss this case if he failed to submit the assessed partial filing fee. As of this date, nothing further has been received from Plaintiff. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

For the reasons stated above, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida on August 20, 2024.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**